IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

THOMAS GIEGLER,

   Plaintiff,

  v.

KEVIN CARR, KEVIN SAMANKO,
MS. SAMANKO, MS. RANAE BOLAND,
MS. MANDY MATHSON, KAREN
PARENTEAU, GINA STANISLOWSKI,
and LUKE ARENZ,

   Defendants.

OPINION AND ORDER

Case No.  19-cv-933-wmc

---

 *Pro se* plaintiff Thomas Giegler, who is currently at the Prairie du Chien Correctional Institution ("PDCI"), brings this proposed civil action under 42 U.S.C. § 1983, claiming that defendants, various Wisconsin Department of Corrections ("DOC") employees, violated his constitutional rights in handling his requests for sentence credit.  He is seeking release from custody and monetary damages.  Having been permitted to proceed *in forma pauperis*, Giegler's complaint requires screening.  28 U.S.C. § 1915(e)(2).  For the reasons that follow, Giegler's complaint will be dismissed without prejudice.

RELEVANT BACKGROUND AND ALLEGATIONS[1]

### A.  Giegler's Relevant Criminal History

Giegler's claims in this lawsuit arise from his belief that he is being illegally detained

---

[1]  In addressing any pro se litigant's complaint, the court must read the allegations generously, drawing all reasonable inferences and resolving ambiguities in plaintiff's favor.  *Haines v. Kerner*, 404 U.S. 519, 521 (1972).  As reflected below, the court also supplements the allegations in the complaint with dates and information about plaintiff's underlying criminal cases from the electronic docket available at Wisconsin Circuit Court Access, https://wcca.wicourts.gov.  The court draws all

because he has already served the sentences for his crimes of conviction.  Therefore, the court begins with a brief overview of those convictions.

Giegler was arrested on March 1, 1995, and charged with one count of burglary. He pled guilty and was sentenced to five years of incarceration.  *State v. Giegler*, No. 95-CF-049, and *State v. Giegler*, No. 98-CF-763 (Waukesha Cty.) ("the '763 case").

In June of 1999, Giegler was on parole and he committed another burglary.  On November 18, 1999, Giegler was convicted of one count of burglary, and on February 4, 2000, he was sentenced to 13 years of incarceration.  *State v. Giegler*, No. 98-CF-3640 (Milwaukee Cty) ("the '3640 case").

On March 10, 2009, Giegler was released on parole, having served 11 years of incarceration for sentences in two other criminal cases.  (*See* dkt. #1, at 11.)  On July 14, 2009, while Giegler was on extended supervision for the '763 case, Giegler was arrested on burglary charges and ultimately charged in *State v. Giegler*, No. 09-CF-4831 (Milwaukee Cty.) ("the '4831 case").  Giegler's parole for '763 case was revoked, and he was returned to prison to serve that revocation sentence.

On November 17, 2010, Giegler was sentenced on the burglary charges in the '4831 case.  He was sentenced to four years of incarceration, to be followed by four years of extended supervision, to be served concurrent to the sentence Giegler was already serving. On January 14, 2011, the sentencing judge granted Giegler 126 days of sentence credit for the period of time between July 14, 2009, when he was arrested on the burglary charges,

---

other allegations of fact from plaintiff's complaint, viewing the record in a light most favorable to plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

to November 16, 2009, when he was returned to prison to serve his revocation sentence in the '763 case.

### B. Allegations in Complaint

In this lawsuit Giegler names eight defendants, all of whom are government employees. They are: Kevin Carr, the Wisconsin Department of Corrections ("DOC") Secretary; Kevin Samanko, PDCI's warden; Ms. Samanko, the records office supervisor at PDCI; Ranae Boland, a records staff member at PDCI; Mandy Mathson, an inmate complaint examiner ("ICE") at PDCI; Karen Parenteau, a records supervisor at Dodge Correctional institution ("DCI"); Gina Stanislowski, a community corrections officer in Milwaukee County; and Luke Arenz, a social worker at PDCI.

Giegler claims that the revocation sentence for '763 case was erroneous because he completed that sentence. He also believes that he is entitled to sentence credit toward his sentence for the '4831 case, for the time he served from July 14, 2009 to his November 17, 2010, sentencing date, and that defendants prevented him from obtaining this credit.

Giegler alleges that he has written to a judge (presumably the sentencing judge for the '4831 case) and Carr about that concern to no avail. Giegler further alleges that he spoke with PDCI Warden Samanko about it, specifically raising his belief that Ms. Samanko (the warden's wife) mishandled his letters seeking sentence credit.

Giegler further claims that he has written to Boland about these issues. However, according to Giegler, Boland informed Giegler that he had not even started serving his sentence in the '4831 case. Giegler also alleges that he filed an inmate complaint

challenging the sentence credit calculation, which defendant Mathson failed to investigate. Giegler claims that Parenteau committed several errors that resulted in him being denied eligibility for parole, and that Arenz is aware that he is being held illegally but fails to take corrective action.  Finally, Giegler claims that Stanislowski refused to discharge Giegler after he served his extended supervision for the '4831 case, instead charging him with violating his parole, which caused him to serve his sentence a second time.

OPINION

Plaintiff seeks to proceed under 42 U.S.C. § 1983, on the theory that defendants are violating his federal rights in refusing to acknowledge that he is entitled to sentence credit.  He seeks a court order releasing him from custody while this lawsuit is pending and assigning him an attorney to represent him.  He also seeks monetary damages.[2]  Yet the relief he seeks is not available to him in this lawsuit.

For one, release from custody may only be granted pursuant to a writ of habeas corpus under 28 U.S.C. § 2254.  "State prisoners who want to challenge their convictions, their sentences, or administrative orders revoking good-time credits or equivalent sentence-shortening devices, must seek habeas corpus, because they contest the fact or duration of custody."  *Morane v. Sondalle*, 218 F.3d 647, 650 (7th Cir. 2000) (citations omitted).

---

[2]  Giegler recently submitted an addendum to his complaint, adding that his continued confinement during the COVID-19 pandemic compounds the violation of his rights since he has a heart condition.  (Dkt. #18.)  Giegler's concern about exposure to coronavirus while incarcerated certainly is understandable, but it is not related to this lawsuit.  If Giegler believes that the measures prison officials are taking (or failing to take) to mitigate the spread of COVID-19 or respond to his serious medical needs violate his constitutional rights, he may pursue such claims in a separate lawsuit, understanding that he must exhaust his administrative remedies within his institution and pay a separate filing fee to do so.

"When a plaintiff files a § 1983 action that cannot be resolved without inquiring into the validity of confinement, the court should dismiss the suit without prejudice" rather than convert it into a petition for habeas corpus. *Copus v. City of Edgerton*, 96 F.3d 1038, 1039 (7th Cir. 1996). While Giegler is free to file a petition pursuant to § 2254, he should be aware that such a petition would have to be dismissed immediately unless he can show that he has presented his claims to the Wisconsin courts and has been denied relief at the trial and appellate levels, 28 U.S.C. § 2254(b)(1)(A), or that there is no state corrective process available to him, § 2254(b)(1)(B).

Moreover, even assuming plaintiff were only seeking monetary damages in this lawsuit, such a claim appears to be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the United States Supreme Court held that for a plaintiff to recover damages for an "unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," the plaintiff must prove "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus [under] 28 U.S.C. § 2254." *Id.* at 486-87. A claim for damages that bears a relationship to a conviction or sentence that has not been so invalidated is not cognizable under 42 U.S.C. § 1983. *Id.*

Giegler's claims appear to challenge the validity of the decisions related to his requests for sentence credit for the '4831 case. However, he does not allege that he has successfully challenged the decisions related to his sentence credit pursuant to § 2254 or through a state court proceeding. In fact, publicly-available records show that Giegler filed

a motion seeking this sentence credit in the state court, and he unsuccessfully appealed that denial. *See State v. Giegler*, 2018AP1972-CRNM (Wis. Ct. App. Apr. 30, 2019), *available* *at* https://www.wicourts.gov/ca/opinion/DisplayDocument.pdf?content=pdf&seqNo=240178 (last visited Oct. 16, 2020). As such, it appears *Heck* precludes him from pursuing monetary damages for the actions related to his requests for sentence credit. If Giegler is able to successfully challenge the sentence credit decisions through a state or federal post-conviction proceeding, he will not be precluded from renewing his claims in this lawsuit at that point.

ORDER

IT IS ORDERED that:

1. Plaintiff Thomas Giegler is DENIED leave to proceed and this lawsuit is dismissed without prejudice.

2. Plaintiff's motions for assistance in recruiting counsel (dkt. ##4, 15) are DENIED as moot.

3. Plaintiff's motion to supplement (dkt. #18) is DENIED.

Entered this 19th day of March, 2021.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge